Arthur **SWERDLOFF** and Louis **Swerdloff**, Plaintiffs,

v.

**MIAMI NATIONAL BANK**, a National **Banking Association**, Defendant.

No. 74–1646–Civ–JLK.

United States District Court, S. D. Florida.

Feb. 27, 1976.

---

Carl H. Hoffman, Miami, Fla., for plaintiffs.

Frates, Floyd, Pearson, Stewart, Miami, Fla., for defendant.

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the defendant's motion for judgment on the pleadings. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be granted.

This suit is brought pursuant to 12 U.S.C. § 1975, which, in conjunction with 12 U.S.C. § 1972, grants a civil action for treble damages to a person injured in his business or property by an illegal tying arrangement in the extension of credit by a bank. The complaint alleges that the defendant bank extended credit to

plaintiffs' business on a revolving credit basis pursuant to an Accounts Receivable Financing Agreement. It is further alleged that some six months after the arrangement was entered into, the defendant required plaintiffs, as an additional consideration for extension of credit, to transfer 51% of plaintiffs' capital stock to a second corporation. Plaintiffs allege that when they refused to comply with defendant's request, defendant terminated the Accounts Receivable Financing Agreement, the corporation was then placed in involuntary bankruptcy, and the stock became worthless. Defendant moves for judgment on the pleadings on the basis that the plaintiffs' corporation is the proper party to bring this suit and that the plaintiffs themselves do not have standing. Given the nature of the injury asserted in the complaint, the court agrees.

At the outset it is to be noted that the pertinent statutes are relatively new legislation (December 30, 1970) and scant precedent exists to guide the court in its decision. The defendant draws parallels between the chapter (Chapter 22, Tying Arrangements) and the antitrust laws. This is not an unwarranted analogy and is one which has been made by other courts. *See Clark v. United Bank of Denver Nat. Ass'n*, 480 F.2d 235 (10 Cir. 1973). Further the intent [1] and purpose [2] of the chapter are very similar to those of the antitrust laws in that both seek to guard against unfair competition. Specifically, 12 U.S.C. § 1971 *et seq.*, was passed to guard against the misuse of economic power by a bank. *U.S.Code Cong. and Admin.News*, at p. 5535 (1970). Further evidence of similarity is found in the wording of the statutes. The substantive section here involved, § 1972, is entitled "certain tying arrangements" while the procedural section, § 1975, is nearly identical to its counterpart in antitrust, 15 U.S.C. § 15.[3] Considered altogether, the similarity of this chapter to the antitrust laws is inescapable. Therefore, in order to determine standing in the case at bar, the statutes and decisions defining this issue in the antitrust area are most pertinent.

Section 15 of Title 15 U.S.C. grants a civil cause of action to a person for treble damages arising out of injuries suffered to his business or property by reason of anything forbidden in the antitrust laws. As pointed out above, the language of this section and the one to be interpreted here, 12 U.S.C. § 1975, is very close. While there is as yet no authority interpreting Section 1975, there is a body of case law discussing the issue of standing under 15 U.S.C. § 15. Although the wording of that statute implies liberal access to redress antitrust violations, the courts have taken a more restrained view, *Jeffrey v. Southwestern Bell*, 518 F.2d 1129, 1131 (5th Cir. 1975). The Fifth Circuit, in defining what "person" may bring a private antitrust action, has held that stockholders of an injured corporation do not have standing. *Id.*

1. The intent of the Act is "to provide specific statutory assurance that the use of economic power of a bank will not lead to a lessening of competition or unfair competitive practices. *U.S.Code Cong. and Admin.News* at p. 5535 (1970).

2. The purpose is to "prohibit anti-competitive practices which require bank customers to accept or provide some other service or product or refrain from dealing with other parties in order to obtain the bank product or service they desire." *Id.*

3. Section 1975 of 12 U.S.C. reads: "Any person who is injured in his business or property by reason of anything forbidden in section 1972 of this title may sue therefor in any district court of the United States in which the defendant resides or is found or has an agent, without regard to the amount in controversy, and shall be entitled to recover three times the amount of the damages sustained by him, and the cost of the suit, including a reasonable attorney's fee."

Section 15 of 15 U.S.C. reads: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

*See also Mendenhall v. Fleming Co., Inc.,* 504 F.2d 879, 881 (5th Cir. 1974); *Martens v. Barrett,* 245 F.2d 844, 846 (5th Cir. 1957); *Peter v. Western Newspaper Union,* 200 F.2d 867 (5th Cir. 1953). That court has taken the position that "where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many) . . . who has a right of recovery, even though in an economic sense real harm may be sustained as the impact of such wrongful acts brings about reduced earnings, lower salaries, bonuses, injury to general business reputation, or *diminution in the value of ownership." Martens v. Barrett, supra* at 846. (emphasis supplied by the court). If the injury was sustained in corporate values, then it is only the corporation who may bring suit. *Mendenhall v. Fleming Co., Inc., supra* at 880. The language the court interpreted for this holding was "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." The language that this court must look to in the instant case is "any person who shall be injured in his business or property by reason of anything forbidden in section 1972 of this title." 12 U.S.C. § 1975. The court concludes that these identical words should be interpreted in an identical manner.

■ It is alleged in the instant case that the plaintiffs' corporation, Standard Container and Paper Co., Inc. (Standard) was (1) placed in involuntary bankruptcy as a result of defendant's actions and (2) that the capital stock has therefore become worthless. In the first instance it was Standard who sustained the only injury by its bankruptcy and so it is the

only "person" who may seek to redress same. *Mendenhall v. Fleming, supra.* Secondly, plaintiffs may not assert the stock devaluation because the fact that the stock may now be worthless is both indirect and duplicative of the corporation's cause of action. *Mendenhall v. Fleming Co., Inc., supra* at 881; citing *Peter v. Western Newspaper Union, supra.* Plaintiffs may have suffered a "pocketbook injury" but they are not within that class of persons who have been found to be proper parties to vindicate the purposes of the type of legislation before the court. *See Jefferson v. Southwestern Bell, supra* at 1131.

■ Plaintiffs contend that they should be granted standing because they were bank "customers" within the meaning of 12 U.S.C. § 1972[4] and that 12 U.S.C. § 1975 contemplates a right of action for such customers. As evidence of this assertion they point out that they guaranteed the extension of credit to Standard and it was their personal stock, not corporate treasury stock, which the bank purportedly requested be transferred to the second corporation. The court cannot agree. The credit here involved was extended to Standard and it was Standard who entered into the Account Receivable Financing Agreement. It was that agreement which the bank has allegedly terminated and it is Standard's bankruptcy and its subsequent stock devaluation which the complaint asserts as injury. In that context, only Standard can be viewed as the bank's customer for the purposes of this cause of action. Standard's trustee in bankruptcy should have instigated this suit within the applicable time period. The defendant is accordingly entitled to judgment on the pleadings and the cause of action is dismissed as to these plaintiffs.[5]

4. The pertinent language is "A bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement—

(3) that the customer provide some additional credit, property, or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit, or trust service;"

5. Defendant represents that the time has passed for the trustee in bankruptcy to assert these claims on behalf of the corporation. The court makes no comment on the rights of parties not before it, but if the limitations period has in fact expired, then Standard is, of course, similarly barred.

All that remains in the action is defendant's counterclaim which sets forth a claim against the plaintiffs as guarantors of the credit extended Standard. From the pleadings, it appears that this claim is now before the state court in an original action brought by the bank. That being the case, this pendent matter should be decided by the state court, as the bank's choice of forum. The counterclaim is therefore likewise dismissed. It is therefore

Ordered and adjudged that the defendant's motion for judgment on the pleadings be and the same is hereby granted and the cause dismissed with prejudice. It is further

Ordered and adjudged that the defendant's counterclaim be and the same is hereby dismissed.